*259 Opinion of the Court.
Hoknbloweb, C. J.
The last three pleas must be stricken out. The third plea, which denies that the assignment made by R. F. Stockton is his deed, admitting such denial to be necessary or material, is evidently pleaded as a frivolous plea, by concluding it with a verification. The defendant might as well have concluded the general issue in the same manner.
The fourth plea setting up usury, is an exact copy of the plea in the ease of Shotwell’s Exers. v. Dennis et al., 2 Green, 501. As the court did not strike out the plea in that case, the defendant may have supposed he was excusable for introducing it on the record in this case; and I am not disposed to censure him for doing so. But upon reviewing the plea, and what was said by the court in that case, I am of opinion it ought then to have been stricken out; and consequently we ought not now to drive the plaintiff to a demurrer, upon such a plea. Although usury, when well pleaded, is a good bar to an action of debt on bond, yet it must be pleaded in such a shape as to be capable of being replied to, and the matter set forth, put at issue. The defendant might as well have contented himself with saying, actio non, because the bond was given upon an usurious and corrupt agreement. I am satisfied the rule was laid down in the case referred to, 2 Green, 501, in terms quite too loose and general. It will not do to say, that if the defence hinted at, or expressed in the plea, is a good- one if well pleaded, the plaintiff must be put to his demurrer, however unskilfully or inartificially pleaded. This very case is a practical comment on the impropriety of such a rule. The plea is bad at first blush, and if demurred to would require no argument to prove it so. It must therefore be stricken out.
The fi-fth plea, is without a shadow of foundation for its support. It has never before been attempted, that I know of, to plead a suit in Equity on a Mortgage, for a foreclosure, as a bar to an action at law on the Bond, to secure which, the Mortgage has been given.
I cannot forbear to remark, that I believe it would greatly expedite and advance the administration of justice, if the court were to exercise a more unrestricted discretion in striking out *260 pleas • and in doing so, on motion, instead of requiring such applications to be put on the paper.
A defendant, by leave of the court, may plead several pleas. This leave is never asked, in fact; but every additional plea is stated upon the record, to have been put in by leave of the court, first had and obtained, according to the form of the statute in such case made and provided. This is an indulgence granted to the pleader, and he ought never to put in a second or further plea, either in form or substance, that he does not believe the court would have permitted him to file, if it had been previously presented to the court and its permission asked. In my opinion therefore, we ought, in the most summary manner, to strike out, with costs, all such pleas, as the court, without hesitation would, if they had been consulted, have refused a place upon the reeord.
In this case, the third, fourth and fifth pleas should be stricken out, with costs.
Justices Ford, White, Nevius and Elmer, concurred.

Pleas stricken out.

Cited in Hogencamp v. Ackerman, 4 Zab. 137, 138, 139.